United States District Court
Southern District of Texas
**ENTERED**
August 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOYA M. GIBSON, § § Plaintiff, § § VS. § § RIDGEWELLS CATERING, § § Defendant. § § § § | CIVIL ACTION NO. 4:21-CV-3828 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by Defendant Ridgewells Holding, Inc. (incorrectly sued as Ridgewells Catering). (Dkt. 25). Having reviewed the motion, the response, the entire record and the applicable law, the Court finds the motion should be GRANTED.

### BACKGROUND

Plaintiff Toya Gibson applied to work for Ridgewells, a catering company, at the 2020 Women's Open golf tournament. She completed an online training, then took a required COVID-19 test a week before the tournament. At the testing site, the handheld thermometer glitched during the initial attempts to take Gibson's temperature; this led the person using the thermometer—who was not a Ridgewells employee—to remark, "It doesn't like you." Gibson subsequently learned that handheld thermometers have a higher

1

glitch rate when used on Black patients, which convinced Gibson that the tester's comment was racially charged.

A week later, Gibson learned that she passed her COVID test and was told by a Ridgewells employee that she would soon receive her work schedule. The schedule never arrived. On December 11, 2020, the second day of the four-day tournament, Gibson notified the Ridgewells employee by email that she had not received a schedule. Ridgewells later received a letter from Gibson dated December 10, 2020, stating that Gibson was "out sick, unable to perform any duties." (Dkt. 25-3). Gibson further stated in the letter that she was "only expecting the $20.00 for the orientation as [she had] not completed any other work after never receiving a schedule." (Dkt. 25-3).

Believing that she had been discriminated against on the basis of her age, color, race, genetic information, and sex-gender, Gibson filed a complaint against with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter on August 12, 2021. Gibson filed the present lawsuit on November 18, 2021. Ridgewells filed a motion for summary judgment, which is considered below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit, and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Miranda v. Navistar, Inc.*, 23 F.4th 500, 503 (5th Cir. 2022). To survive summary judgment, the nonmovant must

2

"present competent summary judgment evidence to support the essential elements of its claim." *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 826 (S.D. Tex. 2015).

The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, the "nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 584 (S.D. Tex. 2015). In ruling on a motion for summary judgment, the Court must construe "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

## ANALYSIS

Ridgewells argues that summary judgment is in order because (1) Gibson's suit is time-barred, and (2) Gibson has not established a *prima facie* case of discrimination. (Dkt. 25 at 7-18). The Court agrees with both grounds for summary judgment.

### I.   Gibson's suit is time-barred.

Ridgewells contends that Gibson's lawsuit is untimely because she filed her complaint on November 18, 2021—ninety-eight days after the issuance of her right-to-sue letter from the EEOC. (Dkt. 25 at 7-8). The Court agrees with Ridgewells.

Gibson contends that Ridgewells discriminated against her on the basis of age, color, race, genetic information, and sex-gender. (Dkt. 1). Thus, Gibson's claims fall within

three federal statutes: Title VII of the Civil Rights Act of 1964 ("Title VII"), the Genetic Information Nondiscrimination Act ("GINA"), and the Age Discrimination in Employment Act ("ADEA"). Federal lawsuits brought under all three statutes must be filed within ninety days of the plaintiff's receipt of the statutory notice of his or her right to sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (ninety-day deadline for Title VII claims); 42 U.S.C. § 12117(a) (ninety-day deadline for ADA); 42 U.S.C. § 2000ff-6(a)(1) (incorporating the Title VII administrative scheme and deadlines to GINA claims); and 29 U.S.C. § 626(e) (ninety-day deadline for ADEA claims). In discussing this filing deadline, the Fifth Circuit has cautioned, "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court,' for all intents and purposes, the ninety-day filing period acts as a statute of limitations." *Bowers v. Potter*, 113 F. App'x 610, 612 (5th Cir. 2004)

Gibson does not provide the Court with the date she received her right-to-sue letter from the EEOC. Under the Fifth Circuit's "presumption of receipt" doctrine, plaintiffs are presumed to have received their right-to-sue notice up to seven days from the issuance of the notice. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Applying this presumption here, the Court will assume that Gibson received her right-to-sue letter seven days after it was issued—*i.e.*, that Gibson received the letter on August 19, 2021. Applying this presumption, Gibson's deadline for filing this lawsuit was November 17, 2021, one day before Gibson filed her complaint. Thus, Gibson's complaint is untimely.

4

The Court's finding that Gibson's claims are time-barred provides sufficient grounds for summary judgment. As discussed below, the Court further finds that summary judgment should be granted on the merits of Gibson's claims.

## II. Gibson failed to establish a *prima facie* case of discrimination.

Ridgewells argues that Gibson has not established, and cannot establish, a *prima facie* case of employment discrimination on any of the grounds she asserts. The Court agrees.

Gibson does not present direct evidence of age, color, race, genetic information, and sex-gender discrimination. Indeed, Gibson hardly presents circumstantial evidence of discrimination—she makes much out of the innocuous comment, made by a non-Ridgewells employee, that a glitching thermometer "doesn't like" her, but she fails to connect that comment with her failure to obtain a work schedule from Ridgewells. Nor does Gibson connect Ridgewell's failure to send her a work schedule with any of her protected traits, even assuming that (1) Ridgewells knowingly failed to send the work schedule as opposed to making a clerical error, and (2) Gibson could have worked for Ridgewells even if they had sent a schedule, when she submitted a doctor's note stating that she could not work during the tournament. (Dkt. 25-3 at 2-3).

Nevertheless, given that Gibson claims to offer circumstantial evidence of discrimination on Ridgewell's part, the burden-shifting framework established in *McDonnell Douglas Corp. v. Green* applies here. 411 U.S. 792 (1973) (applying framework to Title VII case); *see also Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (applying framework to ADEA case); *Ortiz v. City of San Antonio Fire*

5

*Dep't*, 806 F.3d 822, 827 (5th Cir. 2015) (upholding application of framework in GINA case).

Under this burden-shifting framework, a plaintiff must first present a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. To establish a *prima facie* case of discrimination, plaintiff must show that (1) she belongs to a protected class; (2) she was qualified to do his job; (3) despite her qualifications, her employment situation was adversely affected; and (4) her position was filled by someone outside the protected class. *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir.1994) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The Court finds that Gibson has failed to establish the final prong of a *prima facie* case of discrimination—*i.e.*, that her position was filled by someone outside of her protected classes. Gibson offers no evidence that she was replaced by another Ridgewells employee in the first place, much less that she was replaced by an employee who was outside of her protected classes. Ridgewells offers, as summary judgment evidence, a portion of Gibson's deposition in which she admitted that "all [she has] is the email addresses" of the servers who worked the Women's Open event, and that she does not know the demographics of the members of that group. (Dkt. 25-5). Thus, the fourth prong of the *prima facie* case of discrimination is not met here.[1]

---

[1] Given the Court's finding that Gibson failed to establish the fourth prong of a prima facie case of discrimination, the Court will decline to further find that Gibson failed to establish an adverse employment action. The Court again notes, however, that Gibson failed to establish that Ridgewells knowingly refrained from sending her a work schedule, and that Gibson could not have worked for Ridgewells even if she had received one.

6

Gibson failed to establish a prima facie case of discrimination; thus, Ridgewells is entitled to summary judgment on Gibson's claims under Title VII, ADEA, and GINA.

## CONCLUSION

For the reasons explained above, Ridgewell's motion for summary judgment (Dkt. 25) is **GRANTED.**

SIGNED at Houston, Texas on August 7, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE